VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-175

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2023

State of Vermont v. Perry H. Thompson*

}   APPEALED FROM:
}   Superior Court, Orange Unit;
}   Washington Unit, Criminal Division
}   CASE NOS. 443-10-15 Oecr; 122-4-16 Oecr;
130-1-16 Wncr
Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the criminal division's sentencing decision following his convictions for sexual assault of a child under the age of sixteen and committing a lewd and lascivious act against another child. He argues that the sentence cannot stand because it was justified in part by the court's finding that a strong sentence in this case would deter others from committing similar crimes, and there was no record evidence to support that finding. We affirm.

In September 2021 defendant pled guilty to violating 13 V.S.A. § 3252(c), which carries a maximum penalty of twenty years' imprisonment, and 13 V.S.A. § 2602, which carries a maximum penalty of fifteen years' imprisonment. Id. §§ 3252(f)(2), 2602(b)(1). The plea agreement contemplated a contested sentencing at which the State agreed to recommend a sentence of no more than ten to twenty-five years to serve, and defendant could argue for any lawful sentence.

The court held a sentencing hearing in June 2022. At the hearing, the State asked the court to impose consecutive sentences of eight to twenty years to serve and two to five years to serve, for a total of ten to twenty-five years to serve. Defendant requested concurrent sentences of two to fifteen years to serve.

The parties stipulated to the admission of numerous exhibits, including excerpts from depositions and interviews of the victims and related individuals; a pre-sentence investigation report (PSI); a psychosexual evaluation from defendant's experts; a letter from defendant's mental-health counselor; letters from defendant's mother; and defendant's statements from his interview and allocution. The author of the PSI testified on behalf of the State as its only

witness. The two experts who conducted defendant's psychosexual evaluation testified on defendant's behalf.

In closing, the State's counsel argued, among other things, that the proposed sentence was warranted because it "sends a message of general deterrence. Others must know that this conduct is not tolerated in our society." Defendant's counsel contended that the court could not impose a sentence based on general deterrence because the State had not presented any evidence to support it:

> One, the general deterrence. I haven't seen any evidence offered, nor do I believe that there is any, that in crimes, particularly sexual crimes, that are based on cognitive distortions and the related failures to comply with the law, are ever subject to meaningful contemplation of a penalty that might ensue from engaging in a sexually erotic or passionate behavior. So that notion that imposing a lengthy or not so lengthy sentence on any given sex conviction that that's going to reverberate through the minds of people who are similarly situated, I think lacks evidentiary support.

The court issued findings and conclusions on the record. The court stated that it had considered all the evidence presented. It had also:

> consider[ed] the nature and circumstances of the crimes, the impact on the victims and the community, the history and characteristics of the defendant, the need for rehabilitation, the risk to the victim and the community at large presented by the defendant, as well as the effect of the sentence upon the defendant and the community . . . [and] the need for general and specific deterrence, rehabilitation, and punishment.

The court made several findings weighing in defendant's favor, including that defendant scored low for risk of recidivism, contributed to society through long stretches of employment, engaged in therapy, had no other criminal history, remained sober, accepted some responsibility for his crimes through his plea agreement, and apologized to the victims. The court also made numerous findings weighing against defendant, including the "horrible" nature of the crimes and the victims' ages; that defendant did not fully comprehend the impact of his crimes and admitted that he would have continued a sexual relationship with one of the child victims absent that child's objection; and that defendant's distorted way of thinking could place other minor children at risk, so any treatment must occur in prison.

In considering the traditional sentencing factors, the court determined that rehabilitation would be served by a lengthy sentence to ensure that defendant maintains ongoing treatment. It also decided that a significant sentence was appropriate as punishment due to the seriousness of the crimes and their far-reaching repercussions. The court added the following with respect to general deterrence:

> As to the specific and . . . general deterrence, those factors also favor a significant sentence. They may well be—certainly are

2

others with feelings similar to defendant's, and they must be dissuaded from following those feelings. A strong sentence would hopefully do that.

The court did not further discuss general deterrence.

Ultimately the court imposed a sentence in between the parties' proposed sentences: seven to twenty years for sexual assault and a concurrent two to four years for committing a lewd and lascivious act. This appeal followed.

Defendant argues that the court erred because it based the sentence in part on speculation that the sentence would serve the goal of general deterrence, without sufficient factual findings or evidence to support that a lengthy sentence would deter others from committing similar offenses. We review the trial court's sentencing decision for abuse of discretion. State v. Lumumba, 2014 VT 85, ¶ 22, 197 Vt. 315. "We will uphold the findings upon which the sentencing court relies if they are supported by credible evidence, even where there may be substantial evidence in the record to the contrary." State v. Sullivan, 2018 VT 112, ¶ 9, 208 Vt. 540 (quotation omitted). "Absent exceptional circumstances, we will defer to the court's judgment so long as the sentence is within the statutory limits and was not based on improper or inaccurate information." Lumumba, 2014 VT 85, ¶ 22 (quotation omitted).

"The trial court's goal is to fashion an individualized sentence that is fair and just according to all the facts and circumstances of that unique case." Sullivan, 2018 VT 112, ¶ 6. In doing so, "it is appropriate for the sentencing court to consider a wide range of factors." Id. ¶ 7. The court must consider at least "the nature and circumstances of the crime; the history and character of the defendant; the defendant's family circumstances and relationships; the impact of any sentence upon the defendant's minor children; the need for treatment; and the risk to self, others, and the community at large presented by the defendant." 13 V.S.A. § 7030(a). The court may consider nonstatutory factors as well. In particular, "in crafting a sentence, courts should consider common-law factors such as the need for punishment, prevention, rehabilitation, incapacitation, and general and specific deterrence, although they are not required to address each factor explicitly." State v. Ray, 2019 VT 51, ¶ 7, 210 Vt. 496.

Assuming for the sake of argument that the trial court erred in relying on general deterrence to justify a "significant" sentence in this case—and we do not suggest that it did— defendant fails to demonstrate prejudice from that error. Id. ¶ 10 (explaining that trial court's erroneous consideration of aggravating factor is not prejudicial and does not warrant reversal if that "factor had no effect on the defendant's sentence"). Defendant argues that, assuming the court's consideration of general deterrence was improper, we must reverse because it is impossible to tell how much weight the trial court gave to that factor. We rejected a similar contention in Ray. There, the defendant argued that the sentencing court erred by considering the vulnerability of the victim. He asserted that "the mere fact that the sentencing court considered particular vulnerability proves that it affected the sentence imposed and that '[t]o conclude otherwise would require this Court to find that the lower court found an aggravating sentencing factor and then gave it no weight.'" Id. ¶ 15. We disagreed, explaining that

> sentencing is not a scientific formula or process. Each aggravating factor does not come with a specified sentencing enhancement;

3

rather, courts look at the aggravating and mitigating factors of a case as a whole . . . . Were defendant's view correct, there would necessarily be prejudice every time a trial court improperly determined a circumstance of the crime to be an aggravating factor.

Id.; see also State v. Bacon, 169 Vt. 268, 173 (1999) (concluding that court's allegedly erroneous consideration of aggravating factor was harmless because "the court's analysis of the statutory aggravating and mitigating factors provided an independent basis" for its sentencing decision).

Likewise, here, the court did not assign a quantitative weight to general deterrence, nor was it required to. Ray, 2019 VT 51, ¶ 15. The court did not even need to explicitly discuss this factor.* State v. Hughs, 2018 VT 74, ¶ 27, 208 Vt. 44. Moreover, the court made highly similar statements regarding two of the other traditional sentencing factors. It determined that a "lengthy" sentence would serve the goal of rehabilitation by ensuring that defendant maintains ongoing treatment based on its finding that any treatment must occur during incarceration. It also decided that a "lengthy" sentence was appropriate as punishment due to the seriousness of the crimes and their far-reaching repercussions. Defendant does not contest either of these conclusions on appeal. The court's consideration of these factors as well as the statutory aggravating and mitigating factors provided an independent basis for its sentencing decision, and thus any error was harmless.

Defendant's reliance on State v. Neale, 145 Vt. 423 (1985), and State v. Gibney, 2003 VT 26, 175 Vt. 180, to demonstrate prejudice is misplaced. In Neale, the trial court imposed an unusually long sentence, which was "substantially harsher" than that recommended by the prosecutor, and in doing so explicitly relied on irrelevant and improper evidence provided by a witness. 145 Vt. at 436. Under those specific circumstances, we remanded for resentencing before a different judge. Id. In Gibney, the trial court relied on an incorrect interpretation of "victim" in 13 V.S.A. § 2303. 2003 VT 26, ¶ 52. While acknowledging that consideration of an improper sentencing factor does not always require resentencing, we concluded that the court had made "a significant error in determining the number of victims that could be taken into account in the sentencing decision" and therefore it was "reasonable to conclude that viewing the crime as having six victims [instead of one], some of them children, had a significant impact on the court's decision to increase the minimum sentence by fifteen years." Id. ¶ 53. These cases involved more extreme circumstances than are present here. Defendant has not demonstrated the "exceptional circumstances" warranting reversal of the sentencing decision. Lumumba, 2014 VT 85, ¶ 22.

As a final matter, we address defendant's contention that under Vermont Rule of Criminal Procedure 32(c)(4)(B), the trial court was required to make a specific finding that its determination regarding general deterrence was reliable, because defendant objected to that

---

* In contrast to the federal sentencing system, where guidelines "dramatically reduce the discretion of the sentencing judge," Vermont does not have sentencing guidelines. In re Carter, 2004 VT 21, ¶¶ 58, 59, 176 Vt. 322. Thus, in our system "sentencing is not a scientific formula or process" and the trial court has broad discretion to consider and weigh factors that it deems relevant. Ray, 2019 VT 51, ¶ 15.

factor at the sentencing hearing. We need not consider the merits of this argument because defendant failed to preserve it for our review by presenting it to the trial court in the first instance. See State v. Sole, 2009 VT 24, ¶ 13, 185 Vt. 504 ("Arguments that are neither litigated nor decided below will not be addressed for the first time on appeal." (quotation omitted)).

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice